## Case No. 16,888.

### VARNUM v. DANFORD.

[Cited in Oliver's Forms (Ed. 1828) 343. No-where reported. Opinion not now accessible.]

---

## Case No. 16,889.

### VARNUM v. MAURO.

[2 Cranch, C. C. 425.] [1]

Circuit Court, District of Columbia. Oct. Term, 1823.

PROMISSORY NOTES — PARTIAL FAILURE OF CONSIDERATION.

A partial failure of consideration is no defence to an action by the payee against the maker of a promissory note.

Assumpsit against the maker of two promissory notes, payable to the plaintiff's intestate, James M. Varnum, amounting to $440.

The defendant, in order to show that the notes were given without consideration and under a mistake and misrepresentation of the value. supposed and intended to have been passed to the defendant therefor, offered to prove that certain persons had connected themselves in special partnership and association for carrying on certain mercantile adventures in a certain ship called the James Monroe; that among the fundamental articles and terms of such partnership and association, it was mutually stipulated and agreed between the original partners, that no partner should in any manner sell or dispose of his interest or aliquot share in the said company and concern; that notwithstanding the said stipulation and agreement among the said partners, one of them undertook to sell his interest and aliquot share in the said concern to the said James M. Varnum; who afterwards bargained with the defendant for the same interest and aliquot share at the price of $440, for which the defendant gave the notes in question, being then ignorant of the said stipulation and agreement of the said partners; that afterwards when the defendant applied to be recognized and admitted as one of the partners in the said company and association, he was rejected as such by the company, who refused to admit or recognize the interest of any assignee; that the company proceeded to conduct its concerns in all matters relating to the business of the said association without permitting the defendant to participate at all in the capital of the concern or in the conduct of its business, in which two thirds of its capital was sunk by misconduct or negligence; and that the defendant has never received any written assignment of the said interest or aliquot share, nor has he ever been allowed by the company any dividend, either of the profit or the capital.

To the admission of this evidence the plaintiff objected, and THE COURT (nem. con.) sustained the objection; being of opinion that the facts, if proved, would be no defence in this action.

The defendant took a bill of exceptions, but did not prosecute a writ of error.

---

## Case No. 16,890.

### VARNUM et al. v. MILFORD et al.

[2 McLean, 74.] [1]

Circuit Court, D. Indiana. May Term, 1840.

